STATE, AUGUST ROEBER, PROSECUTOR, v. THE SOCIETY FOR THE PREVENTION OF CRUELTY TO ANIMALS.

1. Under the terms of the statute the complaint must be treated as a state of demand, setting out the plaintiff's cause of action.
2. The complaint must allege that the defendant did the act of cruelty complained of, or that he caused or procured it to be done. It is not sufficient to allege that he did it by his servant or agent; his direct agency must be shown by his presence, order or direction.
3. On appeal, the court refused to non-suit for insufficiency of complaint, because such motion was not made before the justice. *Held*, that the sworn complaint, being the foundation of the action, must conform to the statute, and the objection may be taken to it on appeal, and there was no waiver.

On *certiorari* to the Court of Common Pleas of Essex county.

Argued at February Term, 1885, before Justices DEPUE, VAN SYCKEL and SCUDDER.

For the prosecutor, *A. Kalisch.*

For the defendant, *Theo. L. Currie.*

The opinion of the court was delivered by

SCUDDER, J.   An action was brought in the name of the defendants, against the prosecutor, for a penalty of $100, under section 13 of "An act for the prevention of cruelty to animals," approved March 11th, 1880.   *Pamph. L., p.* 212. Before a justice of the peace and jury a verdict for six cents damages was rendered against the prosecutor.   From this judgment an appeal was taken to the Court of Common Pleas, which reversed the judgment below and gave judgment for $20 against the prosecutor.   This *certiorari* brings up this latter judgment for review.

The statute referred to (section 13) enacts, among other things, that any persons who shall torture, torment or cruelly beat, or who shall, by their agents, servants, employees or otherwise, cause or procure to be tortured, tormented or to be unnecessarily or cruelly beaten, or otherwise abused, any living animal or creature, &c., shall forfeit and pay such sum, not to exceed $100, together with costs, as the court shall determine, to be sued for and recovered in an action of debt, with costs of suit, by any person or persons, in the name of the New Jersey Society for the Prevention of Cruelty to Animals, before any justice of the peace, &c.   Only such words are above quoted from the statute as are applicable to the present case.

The form of summons is given in section 14 of the act, amended in the supplement of 1883, (*Pamph. L., p.* 159,) to apply to section 13 only, and appeal is given in the same way

and upon the same terms as appeals allowed from the judgments of justices of the peace under the act entitled "An act constituting courts for the trial of small causes." In all prosecutions instituted and begun under the provisions of section 13 of the act, an affidavit of the violation thereof shall be sufficient demand or pleading, which affidavit shall be filed with the justice before issuing process.

A sworn complaint was filed with the justice in this case, before the summons was issued, setting forth that the prosecutor did, by his agent and employee, cruelly torture, torment and beat one living animal, to wit, one mule, &c., and did, by such agent, beat such mule by striking him many times with a heavy whip, using the butt end, &c., besides kicking the mule many times.

Under the terms of the statute this complaint must be treated as a state of demand setting out the plaintiff's cause of action, and the proceedings must be conducted in the usual form of an action of debt for a penalty where not controlled by the express terms of the statute. The record sent up shows that on the trial of the appeal the defendant moved for a nonsuit because the complaint did not allege that the defendant did the act complained of or that he caused or procured it to be done. This motion was overruled because it did not appear by the transcript that this objection was taken below. In *Pennsylvania R. R. Co.* v. *New Jersey Society for the Prevention of Cruelty to Animals*, 10 *Vroom* 400, section 13, as found in the laws of 1873, (*Pamph. L., p.* 80; *Rev., p.* 26,) was construed by this court, and it was held that on an appeal taken the party is entitled to relief, both as to matter of law and fact, as in other cases of appeals from justices of the peace, under the act constituting courts for the trial of small causes. The later acts have made no change in this respect.

On appeals from the courts for the trial of small causes, the action is tried *de novo*, on its merits, and only objections which go to the form of the remedy, without questioning the right of the plaintiff to recover, are waived by the failure to present them before the justice. *Burk* v. *Shreve*, 10 *Vroom* 214.

In *Stewart* v. *Sears*, 7 *Vroom* 173, no state of demand was filed, but the defendant's off-set gave the plaintiffs credit for the note sued on, and because there had been no objection or motion to non-suit for that cause, either before the justice or in the Common Pleas, it was said that the defect was waived. In either court, if the formal objection had been made, the court would have permitted the amendment to be made. On *certiorori* this was held to be a mere formal objection and not ground for reversal. Other instances and cases are given in the opinion of the court. Where the question was whether the parties to the suit were partners, and no exception was taken on that ground on the trial before the justice, it was said that every objection which goes to the form of the remedy and does not question the right to recover in any shape, must be made on the first trial; an omission to do so will be considered a waiver of the objection. *Jaques* v. *Hulit*, 1 *Harr.* 38. The peculiarity of this case is that the complaint, which is the basis of jurisdiction, is under oath, and the affidavit must be filed with the justice before issuing the process. An affidavit of the violation of the provisions of section 13 is an essential prerequisite to the issuing of processes. The question, therefore, is not one relating merely to the form of the remedy, but disputes the jurisdiction of both the justice's court and the Court of Appeals. When, therefore, it was raised for the first time on the appeal, that court was bound to consider it, and if on such consideration it appeared that the plaintiff had no standing in court, the motion should not be overruled. On *certiorari* this court will examine the whole record to see whether the plaintiff is entitled to his judgment. It is important, in making this examination, to regard the nature of the action. It is penal, and the statute imposing the penalty sued for must be strictly construed and exactly pursued. On reading the preliminary affidavit, it appears that the complaint is that the said August Roeber did, by his agent and employee, cruelly torture, &c., and that said Roeber did, by such agent, beat such mule by striking him, &c., besides kicking, &c. The statute says that any persons who

shall, by their agents, servants, employees or otherwise, cause or procure to be tortured, tormented or cruelly beaten. It should appear in the complaint that the defendant did, by his agent, cause or procure the animal to be cruelly tortured or beaten, *in hæc verba*, or clearly equivalent words must be used, or facts should be set out that show the defendant was active in some way in causing or procuring the cruelty complained of. It does not appear that he was present or had given any command that it should be done, or had any knowledge of it at the time. A principal is not liable for an independent, unauthorized tort by his agent. *Whart. on Agency*, § 479; *Story on Agency*, § 456.

No authority appears from the master to cruelly kick or strike with the butt of the whip this mule because it slipped and fell on the ice. This was the wilful, malicious act of the servant in the absence of the master, and there is no presumption that the act was approved, but rather that it would naturally be condemned by the owner of the animal. To say, therefore, that the defendant, by his agent and employee, acted cruelly, is an inference founded on no facts shown, and is not equivalent to causing or procuring it to be done, which implies knowledge and an active participation.

The testimony of the witnesses before the Court of Common Pleas made out no case for the plaintiff, and there should have been a non-suit. Several were examined, and all agreed with the defendant and his witnesses that he was not present, took no part in the act complained of, and had no knowledge of it until some one who knew him went to his coal-yard, some distance away, and called him to stop the cruelty of his driver, which he immediately did. When the testimony is thus all one way, credible and unimpeached, the court and jury must not disregard it, and if they do, the judgment of the court in opposition thereto will be reversed. *Cooley* v. *Barcroft*, 14 *Vroom* 363. Upon the record and the case, as here presented, the judgment of the Court of Common Pleas will be reversed.